UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PEDRO PEREZ,<br>      Plaintiff, | :<br>:<br>: |
| v. | :   CASE NO. 3:15-cv-1237 (VLB) |
| JUDICIAL MARSHAL SERVICES, et al.,<br>      Defendants. | :<br>:   August 21, 2015<br>: |

## INITIAL REVIEW ORDER

The plaintiff, Pedro Perez, currently incarcerated at the Bridgeport Correctional Center in Bridgeport, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983 (2000). The complaint was received by the court on August 17, 2015, and his motion to proceed *in forma pauperis* was granted on August 20, 2015. The named defendants are the Judicial Marshal Services and Court House (G.A.2 – Bridgeport).

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based

and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

I.  Allegations

On July 22, 2015, the plaintiff was being transported to court by the Judicial Marshal Services. The driver of the vehicle failed to operate the vehicle in a safe manner causing the vehicle to hit the wall of the court house. All seven inmates in the vehicle were thrown about. The plaintiff suffered injuries to his back, neck and the left side of his leg and feet.

II. Discussion

Section 1983 provides in part that "[e]very person who … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured[.]" 42 U.S.C. § 1983. The state and its agencies, however, are not considered persons within the meaning of section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (state and state agency not persons within the meaning of

2

section 1983); *Ajamian v. New York*, No. 1:13-cv-1316(MAD/TWD), 2014 WL 3928448, at *6 (N.D.N.Y. Aug. 11, 2014) (state court not person within the meaning of section 1983) (citing *Zuckerman v. Appellate Div., Second Dep't*, 421 F.2d 625, 626 (2d Cir. 1970)). In addition, all claims against the state court, the judicial arm of the State of Connecticut, are barred by the Eleventh Amendment. *See McCluskey v. New York State Unified Court System*, 442 F. App'x 586, 588 (2d Cir. 2011). The defendants are a state court and the Judicial Marshal Service, a state agency. As neither defendant is considered a person within the meaning of section 1983, the complaint is dismissed, pursuant to 28 U.S.C. § 1915A.

Further, even if the plaintiff had identified the Marshal responsible for the accident, the claim would be dismissed. The plaintiff asserts a negligence claim based on a motor vehicle accident. Negligence claims are not cognizable under section 1983. *See Hope v. Pelzer*, 536 U.S. 730, 738 (2002) (negligence is not sufficient to support an Eighth Amendment claim). Thus, the Complaint fails to assert any cognizable federal claims.

### III.   Conclusion

The complaint is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1). The plaintiff's motion for appointment of counsel [Doc. #6] is DENIED.

The Clerk is directed to enter judgment and close this case.

SO ORDERED this 21st day of August 2015, at Hartford, Connecticut.

                                              /s/
                                   **Vanessa L. Bryant**
                                   **United States District Judge**